IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ADA ROSS,

    Plaintiff,

       v.

HANGAR PROSTHETICS &
ORTHOTICS, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:21-CV-3604-TWT

**OPINION AND ORDER**

This is a personal injury action. It is before the Court on the Defendant's

Motion for Summary Judgment [Doc. 24]. For the reasons set forth below, the

Defendant's Motion for Summary Judgment [Doc. 24] is GRANTED.

## I.    Background

The Defendant, Hangar Prosthetics & Orthotics, Inc. ("Hangar"),

provides patients with prosthetic and orthotic services, such as prosthetic

fittings and trainings. (Def.'s Statement of Undisputed Material Facts in Supp.

of Def.'s Mot. for Summ. J. ¶¶ 1–2.) The Plaintiff, Ada Ross, underwent a

below-the-knee amputation in 2018 and was subsequently referred to Hangar

for a prosthetic leg. (*Id.* ¶¶ 9–10.) That summer, the Plaintiff was fitted for a

permanent prosthesis and began training on how to properly walk on a

prosthesis using a temporary model. (*Id.* ¶ 16.) Outside of these sessions, the

Plaintiff was using a wheelchair to move about while she awaited the

completion of her permanent prosthesis. (*Id.* ¶ 12.) Between the summer of 2018 and March 28, 2019, the Plaintiff worked with Julia Eubanks, a certified prosthetist and orthotist employed by Hangar. (*Id.* ¶¶ 5, 18.) On March 28, 2019, the Plaintiff received her permanent prosthesis. (*Id.* ¶ 20.) Eubanks assisted the Plaintiff by adjusting the fit of the device and observing her as she walked on the device between parallel support bars. (*Id.* ¶¶ 25–28.) Eubanks documented her observations and concluded that the Plaintiff was prepared to use the prosthesis. (*Id.* ¶ 31.) The Plaintiff then sat in her wheelchair, and Eubanks asked the Plaintiff if she wanted to walk down the hallway to "show everyone how she had progressed." (*Id.* ¶¶ 32–33.) The Plaintiff then stood up and walked behind the wheelchair, placing her hands on the handle as she walked down the hallway. (*Id.* ¶ 36.) As she was walking down the hallway, the Plaintiff fell. (*Id.* ¶ 37.) This action followed as a result of this fall.

## II.    Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). The burden then

shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

## III.   Discussion

The Defendant argues that the Plaintiff's claim sounds in professional malpractice, and because she failed to submit expert evidence as to the proper standard of care, her claim fails as a matter of law. (Def.'s Br. in Supp. of Def.'s Mot. for Summ. J., at 9–15.) Alternatively, the Defendant claims that there is an absence of evidence as to the necessary elements of any ordinary negligence claim. (*Id.* at 15–17.) In response, the Plaintiff argues that her claim is a result of Eubanks removing her hand from the wheelchair as she was using it for support, and that such an action represents ordinary negligence. (Pl.'s Br. in Opp'n to Def.'s Mot. for Summ. J., at 7–8.) In reply, the Defendant argues that the "Plaintiff's focus is too narrow[,]" and that her walk down the hallway was part of the professional services being offered by Eubanks. (Def.'s Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 5.)

"In cases involving a person's fall while in the care of medical professionals, it can be difficult to distinguish professional negligence from ordinary negligence." *Pomerantz v. Atlanta Dermatology & Surgery, P.A.*, 255 Ga. App. 698, 698 (2002). Whether a claim sounds in malpractice or negligence "is a question of law for the court." *Id.* The mere fact that a fall occurred as the result of actions taken by a medical professional or in a medical facility does

not alone determine whether these actions sound in medical malpractice. *See Brown v. Tift Cnty. Hosp. Auth.*, 280 Ga. App. 847, 849 (2006) (collecting cases).

> Based on [Georgia] case law, it is clear that if the specific information known to the defendant was such that a jury could determine without the help of expert testimony whether the defendant exercised due care in failing to prevent the patient's fall, the claim sounds in ordinary negligence and no expert affidavit is required.

*Id.* at 849–50. For example, in *Byrom v. Douglas Hosp., Inc.*, 338 Ga. App. 768, 768–69 (2016), a nurse pushing a patient in a wheelchair reached a doorway that was too narrow for the chair. The nurse asked the patient if she could walk the rest of the way to the waiting room, and the patient answered in the affirmative. *Id.* at 769. However, the nurse failed to assist the patient in leaving the chair, and the patient tripped over the wheelchair's foot pedals. *Id.* The court found that no medical knowledge was necessary to transport the patient in a wheelchair or assist a patient in exiting the chair and, as a result, the claim sounded in ordinary negligence. *Id.* at 771. In contrast, in *Pomerantz*, a patient seated on an examination table lost consciousness as his stitches were being removed. *Pomerantz*, 255 Ga. App. at 698. The decision to seat the patient during the procedure was "a matter of professional judgment because a lay person is not expected to know when such a procedure could cause a patient to lose consciousness." *Id.* As a result, the court determined that the plaintiff's claims sounded in professional negligence.

The Court finds that this case is more similar to *Pomerantz* than *Byrom*. The Plaintiff argues that the negligent act was simply Eubanks's decision to remove her hand from the wheelchair, and that this act directly caused her fall. (Pl.'s Br. in Opp'n to Def.'s Mot. of Summ. J., at 7–8.) However, the effect of this action is inextricably linked with Eubanks's evaluation of the Plaintiff and her decision to permit the Plaintiff to walk with the support of the wheelchair. A proper evaluation of Eubanks's alleged negligence includes her medical determination as a prosthetist that the Plaintiff was capable of walking under such conditions, including whether the Plaintiff required her assistance in supporting the wheelchair. These determinations could only be made by a prosthetist exercising judgment as to the Plaintiff's demonstrated ability to walk with her new prosthesis. Because the Plaintiff's negligence claim rests upon a matter of professional judgment by Eubanks, the Court finds that the Plaintiff's claim sounds in professional malpractice as a matter of law.

Typically, such a determination would not end the case. But here, the Plaintiff does not contest the fact that she failed to produce an expert affidavit as required for professional malpractice claims in Georgia. *See* O.C.G.A. § 9-11-9.1. Such a failure requires the dismissal of the Plaintiff's claims under Georgia law. *See Pomerantz*, 255 Ga. App. at 698. As a result, the Defendant is entitled to judgment as a matter of law.

## IV.   Conclusion

For the reasons set forth above, the Defendant's Motion for Summary Judgment [Doc. 24] is GRANTED. The Clerk is DIRECTED to enter judgment for the Defendant and to close the case.

SO ORDERED, this ___27th___ day of June, 2022.


_____
THOMAS W. THRASH, JR.
United States District Judge

6